VANDALIA. 47

Bailey *v.* Campbell.    Humphreys *v.* Collier *et al.*

---

EDWARD HUMPHREYS, appellant *v.* GEORGE COLLIER and PETER POWELL, appellees.

*Appeal from Randolph.*

After issue taken on the facts contained in the declaration, it is sufficient for the plaintiff, by proof, to sustain the material averments contained therein.

The assignor of a negotiable instrument, assigned after it became due, under the statute relative to promissory notes, &c., is liable to his assignee, where the maker of the instrument is insolvent at the time of the assignment, and so con-

tinues up to the time of action brought, although no suit has been prosecuted against the maker.

Instructions to the jury, should be founded upon the evidence in the case; and where there is no evidence upon which to base the instructions, it is error to give them.

The appellees instituted a suit in the Randolph Circuit Court against the appellant, as assignee of the following note:

"$181.    Five months after date, I promise to pay Edward Humphreys, or order, the sum of one hundred and eighty-one dollars in cash, for value received, this third day of April, 1822.

"Attest, Saml. Smith.          Elias Barcroft.    [L. S.]"

On this note were the following endorsements:

"Received, 4th June, 1823, of William Rector, eighty dollars in part of the within order.

"$80.                                   J. B. Thomas."

"Pay the within balance of one hundred and one dollars to Messrs. Collier and Powell.              Ed. Humphreys."

The first count in the declaration states the making of the note by Barcroft, and the assignment to the appellees, and then avers that, at the time of the assignment, Barcroft "had not the means of paying the balance due on said note by the ordinary process of law; nor could he, said Barcroft, be compelled by process of law, to pay and satisfy the same; nor would a suit against Barcroft, to recover said balance, have been availing to the said plaintiffs by reason of a want of property by said Barcroft, liable to execution to satisfy the same."

The declaration also contained a count for goods, wares, and merchandise sold and delivered, and the usual money counts. The defendant in the Court below, the appellant, pleaded the general issue to the whole declaration, and payment to all but the first count. The cause was tried at the September term, 1832, before the Hon. Theophilus W. Smith and a jury, and a verdict rendered for the appellees for $133. Judgment was entered upon this verdict, and an appeal taken to this Court.

A bill of exceptions was taken in the Court below, which is as follows:

"Be it remembered that at the September term of this Court, on the trial of the issue joined in this cause, after the hearing of the testimony on the trial of the said issue, the plaintiffs by their counsel moved the Court to instruct the jury as follows:

1st. In a suit by the assignee of a bond against the assignor, upon a written assignment, parol evidence is not admissible to show that the assignee took it without recourse on the assignor, this being no part of the written contract, when the writing of assignment shows no such thing.

2d. That the written assignment on a note must be resorted to, to show what the contract is between the assignee and assignor, as to future liability.

3d. Where a contract is in writing, conversations previous, and leading to it, cannot be given in evidence.

4th. That the law of Missouri in regard to the liability of the assignor in this case, is to govern the case.

5th. That by the laws of Missouri, a suit need not be instituted by the assignee, against the maker, if such suit would be unavailing; and that the insolvency of the maker at the time of the assignment, and continued, dispenses with diligence.

6th. That by those laws no notice to assignor is necessary.

7th. That when a note is endorsed, it is like a bill of exchange, the assignor being the drawer, and the maker of the note the drawee; and if it is shown that the drawee had no effects of the drawer in his hands, notice is not necessary.

8th. That by the laws of Missouri, the insolvency of the maker of a note gives a recourse, without notice, upon the assignor.

9th. That insolvency may be proved by common report.

10th. That a note of a third person, taken in payment for goods sold and delivered, which turns out to be worth nothing, is no payment, and the party can resort to his contract for goods sold.

11th. That the salary of an officer cannot be levied on by execution.

12th. That in determining cases of insolvency, the law regards only the ability of a person to pay by coercion or compulsion of law, and not voluntary or friendly payment.

13th. That in a case of notorious insolvency in the maker of a note, a resort can be had immediately by the assignee on the assignor, who has not protected himself by his assignment.

Which instructions, except the first above specified, the Court gave as asked,—and also instructed the jury, that if said Barcroft, at the time of the assignment of the said note to the plaintiffs, was insolvent, such insolvency excused them from demanding payment thereof from the maker, prior to their bringing suit on such assignment or endorsement against said defendant.

The defendant, by his counsel, before the Court gave the foregoing instructions, objected to the Court's noticing the laws of Missouri—because they were not proved in any other way before the Court, than by the Judge's having in his hand the printed report of this case—when in the Supreme Court—as contained in Sidney Breese's Reports, which objection the Court overruled.

The said defendant also, on said trial, moved the Court to instruct the jury: 1st. That if they are of opinion that the plaintiffs received the note of Barcroft in payment of the goods purchased

E

at the time it was endorsed by the defendant, at their own risk, they have no claim on the defendant, either as purchaser of their goods, or as endorser of the note.

2d. That should they be of opinion that the note of said Barcroft was not received in full payment of the goods purchased by the defendant of the plaintiffs, at the time it was endorsed, at their own risk, that then, before the plaintiffs can recover in this case against the defendant as an endorser of the note, the plaintiffs must prove a demand of payment from Barcroft, and notice to the defendant, or, at least, that they demanded payment of Barcroft.

The first of which instructions, asked by the defendant, the Court gave as asked, but refused to give the second, instructing the jury, that in cases of insolvency of the maker of the note after endorsement and before suit brought, neither demand of payment or notice of refusal to defendant, was necessary: to all which several opinions of the Court, the said defendant by his counsel excepts, and prays that this his bill of exceptions may be signed and sealed by the Judge, and made part of the record in this case, which is done accordingly.

THEO's. W. SMITH.  [L.S.]"

The appellant assigned for error,—

1. The said Collier and Powell, in the first count of the declaration aforesaid, do not set forth any cause of action against the said Edward, because they do not allege a presentation for, or a demand of payment of, the said writing obligatory in said first count described, of and from the said Elias Barcroft, the maker thereof.

2. The Court erred in instructing the jury that if the said Barcroft, at the time of assigning said writing obligatory to the plaintiffs, was insolvent, such insolvency excused them from demanding payment thereof from the maker, prior to their bringing suit on such assignment or endorsement, against said defendant.

3. The Court erred in instructing the jury, that "the laws of Missouri in regard to the liability of the assignor in this case, are to govern the case," when there was no proof before the Court, that the contract sued on between said plaintiffs and defendant, was made in the State of Missouri.

4. The Court erred in noticing the laws of Missouri when those laws were not proved by any competent evidence.

5. The Court erred in instructing the jury "that a note of a third person, taken in payment for goods sold and delivered, which turns out to be worth nothing, is no payment, and the party can resort to his contract for goods sold," &c.

6. The Court erred in instructing the jury "that in a case of notorious insolvency in the maker of a note, a resort can be had

immediately by the assignee on the assignor, who has not protected himself by his assignment.

7. The Court also erred in refusing to give to the jury the second instruction asked for by the defendant, and in instructing the jury that "in case of the insolvency of the maker of the note, after endorsement, and before the suit brought, neither demand of payment, or notice of refusal to defendant, was necessary."

8. The Court erred in instructing the jury, that by the laws of Missouri "the insolvency of the maker of a note, at the time of the assignment and continued, dispenses with diligence."

D. J. Baker, for the appellant.

S. Breese, for the appellees.

Smith, Justice, delivered the opinion of the Court:

This was an action brought by the appellees against the appellant, in the Circuit Court of Randolph, as the assignor of a promissory note of hand, under seal, to recover the balance due at the time of the assignment, and still remaining unpaid. The declaration alleges the making of the note, and the assignment and delivery to Collier and Powell; and then specially avers, that at the time of such assignment, there existed a total inability of the maker to pay the same, and that payment could not be coerced by the ordinary course of law; that a suit would have been unavailing to compel the maker to pay the same, by reason of his total want of property to be reached by an execution upon any judgment which might have been obtained by suit against him on said note; that the maker has not paid or caused the said balance to be paid to them, or any part thereof, but has wholly refused, of all which the appellant had notice. To this count was added a count for goods, wares, and merchandise sold and delivered, and the usual money counts. The defendant in the Court below, pleaded the general issue, and payment to the second and third counts; to which plea of payment, there were a replication and issue.

During the progress of the trial, various instructions were prayed for, by both the plaintiffs' and defendant's counsel in the court below. It is not esteemed important for the consideration of the present case, to examine the correctness of but two, which are contained in the bill of exceptions. The first was prayed for by the defendant's counsel, and is as follows: "That, should the jury be of opinion that the note of said Barcroft was not received in full payment of the goods purchased, by the defendant, of the plaintiffs, at the time it was endorsed, at their own risk, that then before the plaintiffs can recover in this case against the defendant, as endorser of the note, the plaintiff must prove a demand of payment from Barcroft, and notice to the defendant, or at least

that they demanded payment of Barcroft." The refusal of the Circuit Court thus to instruct the jury, is assigned for error; and we are now to consider whether it is in fact so. An obvious answer is to be given to this objection; no rule is certainly better settled, than that which holds a party to the proof only of the material averments in his declaration. We shall look in vain into the first count, for an averment that a demand of payment was made, and notice of non-payment given to Humphreys. The plaintiffs have based their right to recover, not on the ordinary liabilities of an assignor of a note or sealed instrument of writing, for the payment of money, but on the avowed insolvency of the maker at the time of the assignment of the note in question; and have framed the count on the note upon such a supposed state of facts. It is therefore most manifest, that to have required proof of demand and notice, would have been to have required proof of matters not in issue, but entirely foreign to the issue. The defendant having taken issue on the facts contained in the declaration, it was sufficient for the plaintiffs, by proof, to sustain the material averments therein contained; and they could not be called on to prove more. If demand and notice were necessary and material averments, the defendant should have demurred to the declaration, and not pleaded in chief. But as the declaration is evidently framed with a view to that portion of our statute relating to promissory notes, bonds, due-bills, and other instruments in writing, making them assignable, which requires due diligence to be used to first collect the amount from the maker by suit, except where the institution of such suit would have been unavailing, it may become necessary and proper to consider whether, under the second section of that act, in relation to a case of notorious insolvency, when the note becomes due, demand of payment from the maker, and notice of non-payment to the assignor, are necessary to be averred and proven before a party shall be entitled to recover.

From a consideration of the causes which gave rise to the laws which exist in, and govern, states and countries greatly commercial, it will be evident that many of the principles applicable to a commercial people, in the negotiation of assignable, endorsable, and transferable paper securities, and instruments for the payment of money, would but illy suit the condition of a people so purely agricultural as we are; and hence the impolicy of adopting the principles and rules of decision which have been made in states and countries that have adopted the law of merchants in relation to negotiable paper. It must be recollected, that the British decisions are not only different, for the reasons assigned, but the statutes of Anne, under which most of them have been made, differ in material points from ours. We are not only, then, restricted from adopting their rules where inapplicable, but we

are prohibited by the express terms of our own laws, which have been framed and adopted, doubtless, as being more congenial to our modes of transacting such negotiations, and as better calculated to insure equitable and legal liabilities between parties. The construction of that portion of our statute, it would seem, is of easy interpretation. If the suit, which it requires to be prosecuted, as the evidence of the means of diligence, would have been unavailing, then it is declared—the assignee may maintain an action against the assignor, as if due diligence, by suing, had been used.

Now, in what case, more than in the case of an absolute and entire insolvency of the maker of a note or bond, can it be imagined that a suit would be unavailing? It seems difficult to conceive a case more apposite or more comprehensive in its nature: indeed, it might be said to have been the very case to which the exception of the statute was intended to apply; and as the statute has also made the same exception in cases where the maker has absconded or left the State, it cannot, perhaps, be so readily perceived what other state of facts could well exist to meet the application of a further exception. Satisfied that such were the objects of its framers, we are bound to consider that, in cases of notorious insolvency of the maker of an assignable instrument, contemplated by our statute, after it becomes due, and so continuing up to the time of action brought, the assignor must be liable to his assignee.

On the second point of instructions, which were asked by the plaintiffs, in relation to the laws of Missouri, as applicable to the case before the Court, it is proper to remark, that it nowhere appears in the declaration, nor, indeed, in any part of the record, that the note or assignment was made in Missouri; nothing appears in the bill of exceptions to show that there was any evidence that the assignment or transfer of the note took place there; and yet such must doubtless have been shown by evidence, for on that ground alone could it be imagined that the Circuit Court would have instructed the jury that the laws of Missouri, as to the contract, were to govern them. If this had appeared, and we could see with judicial eyes that the contract was made there, then doubtless the instructions, as to those laws, would have been correct. In the absence, however, of that fact, and much as it is to be regretted that omissions of this character, (if it be one in the present case,) which might have been remedied in a moment, should become available here, to destroy the fruits of a recovery; still, as there is no discretion left under such circumstances, the judgment of the Court below is reversed, and the cause remanded to the Circuit Court for further proceedings, not inconsistent with this opinion.

*Judgment reversed.*